Davis, J.,
delivered the opinion of the court:
Entering the volunteer service as a private early in the war, claimant, after several transfers and promotions, was in 1865 honorably mustered out of service with the rank of captain. Two years later he received a commission in the Regular Army, and is now a captain in the Sixth Regiment of Infantry.
In the summer of 1871 he was adjudged by a court-martial to have been absent without leave for nearly three months, and was sentenced to a reprimand and to suspension from rank and pay for three months. This sentence was approved and enforced, but nothing further was done until the year 1883, when *72 the Treasury officers charged the claimant on his pay account the sum of $398.75 as an overpayment for the period of absence without leave, for which he had been sentenced some twelve years before, and which had not previously been debited against him.
The only issue is as to the legality of this charge — a charge based upon the act of March 3,1863, which provides—
“ That any officer absent from duty with leave, except from sickness or wounds, shall, during his absence, receive half the pay and allowances prescribed by law, and no more, and any officer absent without leave shall, in addition to the penalties prescribed by law or a court-martial, forfeit all pay or allowances during such absence.”
This act appears in section 1265 of the Revised Statutes, which directs that officers absent without leave, the absence not being excused as unavoidable, shall forfeit all pay during such absence.
The claimant had been absent without leave prior to May, 1871; he had been convicted of the offense by competent authority ; he had been sentenced, and had fulfilled the terms of the sentence, but he had not suffered the additional penalty, in terms prescribed by the statute then in force, of a loss of pay during the period of the wrongful absence. No doubt can be entertained that then, that is in 1871, the «barge now complained of might properly be made. Lapse of time does not • alter the situation, for no statute of limitations runs against the Government, so that any relief to which the claimant may on these facts be entitled, must be found in the statutes. Section 1265, passed after the offense, cannot, of course, impose a penalty upon the officer, but is of interest in this, that it shows a desire by the legislature to make no material departure from the policy of the act of 1863. In fact Congress, through section 5598, expressly disclaims any intention of remitting penalties and forfeitures previously incurred in saying that—
“All offenses committed and all penalties and forfeitures incurred under any statute embraced in said revision prior to said repeal may be prosecuted and punished in the same manner and with the same effect as if said repeal had not been made.”
The forfeiture, if it be technically a forfeiture, was incurred under a then existing statute; no limitation bars its enforcement, no statute has remitted it. The action of the Treasury officers was correct, and the petition is dismissed.